57   401
159s  385

## George D. Barrett et al. v. Mt. Greenwood Cemetery Association et al.

1. INJUNCTIONS—*When Granted.*—Injunctions are not granted except to restrain the doing of an irreparable injury.

2. SEWERS — *Construction of, Not an Irreparable Injury.* — In the vicinity of a great and growing city, like Chicago, the construction of

sewers in and along public highways has, and will often, become a necessity.

**Memorandum.**—Bill for an injunction. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

## STATEMENT OF THE CASE.

In this case a bill in chancery was filed by George D. Barrett and others against the Mount Greenwood Cemetery Association, the town of Worth and others, to prevent, by injunction, the building and completion by the cemetery association of a sewer in Morgan avenue, running from two cemeteries, owned by two of the defendants, to a spring creek that crosses Morgan avenue in the town of Worth, and runs through the lands of the complainants.

The town of Worth answered the bill, claiming that the cemetery association had no right to build the sewer, and that the alleged "contract" under which the same was proposed to be built and used by the cemetery association is null and void; and also filed its cross-bill seeking to have said "contract" declared to be null and void. The cross-bill was dismissed in the court below for want of equity, and the town of Worth assigns errors upon the record, having duly taken an appeal from the decree in question.

The contract under which the cemeteries claim the right to build the sewer and have the same maintained for their exclusive benefit, is as follows:

"In consideration of the covenants and agreements hereinafter agreed to be done and performed by the Mount Greenwood Association, a corporation, organized under the laws of the State of Illinois, and the Catholic Bishop of Chicago, a corporation organized under the laws of the State of Illinois, Edward Wilson, William Henke and John Alm, commissioners of highways of and for the town of Worth, county of Cook and State of Illinois, do hereby give and grant unto the said association and said Catholic Bishop of Chicago, full right and power to excavate, in the north part

of Morgan avenue, or 111th street, commencing at a point about two hundred (200) feet west of the east line of the Mount Greenword Cemetery and extending west along the said Morgan avenue, or 111th street, to a point about four thousand one hundred and seventy (4,170) feet west of said point of commencement, and to construct a sewer in said excavation, the first eleven hundred feet (1100 ft.) of said sewer west from the point of commencement to be constructed of brick, and to have an internal diameter of two (2) feet; the balance of said sewer to be constructed of plank, using three (3) inch plank for the top and two (2) inch plank for the sides and bottom; all planks to be securely braced at intervals of four (4) feet, with four (4) inch by four (4) inch braces; said balance of sewer to have an internal area of two (2) feet by two and one-half (2½) feet in the clear.   The said sewer to be constructed at the sole and exclusive cost of the said cemetery association and the said Catholic Bishop of Chicago; and in consideration of said license and grant of the right to construct said sewer, as aforesaid, the said cemetery association and the said Catholic Bishop of Chicago hereby agree to construct the said sewer, as heretofore provided, free from expense to the said commissioners of highways of the town of Worth.

And it is further covenanted and agreed by the said commissioners of highways of the town of Worth, that upon the construction and completion of said sewer, that thereafter and from thenceforth they will, and the said town of Worth shall maintain and keep in clean condition and proper repair the said sewer; the same to be at all times open and to be used by the Mount Greenwood Cemetery Association and the said Catholic Bishop of Chicago, for the carrying away of all surface water from the Mount Greenwood Cemetery, and from the Mount Olivet Cemetery, and as a drain for said cemeteries, all of which is hereby made binding and obligatory upon the said parties hereto and their successors.

It is understood and agreed that the said cemetery association and the said Catholic Bishop guarantee the said commissioners and said town of Worth against any and all damages to private property arising from the construction

of this sewer, by reason of any act of the said Mount Green-
wood Cemetery Association, or the Catholic Bishop of
Chicago, or either of them, done and performed in that be-
half.

It is further stipulated and agreed that the said commis-
sioners of highways shall have the right to grant to per-
sons owning real estate fronting on said sewer, subject to
such reasonable rules and restrictions as may be necessary
to protect the same from injury and damage; and further-
more, to protect the parties hereto from any loss, injury or
damage from any injury to private property by reason of
the granting of such request or privileges of connecting
therewith."

The agreement is signed by the said commissioners of
highways of the town of Worth, county of Cook and State
of Illinois, by order of said Edward Wilson, William Henke
and John Alm, commissioners of highways of the town of
Worth, county and State aforesaid, at a meeting of said
commissioners, held on the twenty-first day of November,
A. D. 1892.

" In witness whereof, the said parties hereto have hereunto
affixed their hands and seals, and the said Cemetery Associa-
tion and the said Catholic Bishop of Chicago, have caused
the same to be signed and attested by their proper officers,
and their seals to be hereto attached, this, the 23d day of
November, A. D. 1892.

EDWARD WILSON,    [SEAL.]
WILLIAM HENKE,    [SEAL.]
JOHN ALM,    [SEAL.]

The Mount Greenwood Cemetery Association.

Attest :

W. N. RUDD,
        Secretary.
LESLIE P. VORHEES,
        President.
THE CATHOLIC BISHOP OF CHICAGO,
    By F. A. FEENAN,
        Archbishop."

Appellants' Brief, Whitehead & Stoker and W. H. Holden, Attorneys.

A court of chancery may grant preventive, as well as remedial relief, and this may be done where the act threatened would be punishable under the criminal laws as a nuisance. The People v. St. Louis, 5 Gil. 351.

There can be no doubt about the general powers of a court of equity in cases of private nuisances. It can prevent a threatened one, or remove an existing one. It may grant remedial, as well as preventive relief. The People v. St. Louis, 5 Gilm. 351.

The general ground of the interference of a court of chancery is understood to be that kind of material injury to property or health, requiring the application to prevent as well as remedy an evil, for which damages, more or less, would be given in an action at law. Lancy v. Jasper, 39 Ill. 52.

A court of equity will not, in general, interfere until an actual nuisance is committed; but it may, by virtue of its jurisdiction to restrain acts which, when committed, will result in a ground of action, interfere before any actual nuisance has been committed, where it is satisfied that the act complained of will eventually result in a nuisance. Wahle v. Reinbach, 76 Ill. 322.

To constitute a nuisance it is not necessary that the noxious trade or business should endanger the health of a neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable. Catlin v. Valentine, 9 Paige (Ch. N. Y.) 575.

Brief for the Town of Worth, Holden & Buzzell, Attorneys.

The highway commissioners can bind the town only when exercising the powers vested in them by statute; nor can they create an obligation to be performed in subsequent years. Com'rs of Highways v. Wrought I. B. Co., 3 Brad. 570; Johnson v. Rea, 12 Brad. 331; Town of H. v. Hamil-

ton, 13 Brad. 358; Com'rs of H'wys v. O'Sullivan, 16 Brad. 34; Murray v. Gibson, 21 Ill. App. 488; Braum v. Town of Peoria, 82 Ill. 11; P., Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 157; Dierks v. Com'rs of Highways, 142 Ill. 197.

The contract signed by the commissioners is not valid unless it appears that they acted in their corporate capacity, shown by a resolution of the board upon its records. Mc-Manus v. McDonough, 107 Ill. 95; People v. Madison Co., 125 Ill. 341; People v. Bd. of Sup'v'rs, 23 Ill. App. 392.

RUNYAN & RUNYAN, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We are not in this cause called upon to determine whether the contract in question is binding upon the town of Worth, as an obligation by it to keep the contemplated and already partially completed sewer in repair.

This is a proceeding to restrain certain corporations from going on with the construction of a sewer in the building of which they are not expending any public money.

That this sewer is now, or when finished will be, a nuisance or damage to either the public or to any of the complainants, we do not think is established.

All persons have a right to such drainage as the natural surface and location of their and surrounding lands afford.

It is manifest that in the immediate vicinity of a great and growing city like Chicago the construction of sewers in and along public highways has and will often become a necessity.

In the present case the highway commissioners seem, without expense to the public, to have secured the making of a sewer which, under reasonable regulations, they may permit the owners of adjacent property to make connections with, and which sewer, it is evident, will act as a drain for the highway itself, thus aiding in the work of keeping the road in proper condition.

No exclusive privilege has been given the parties who are permitted to construct this sewer, while the right of

abutting property owners to, under reasonable regulations, make use of it, has been secured.

In the present case, as before indicated, we are not called upon to do more than decide upon the propriety of enjoining the work already in progress.

Injunctions are not granted except to restrain the doing of an irreparable injury. High on Injunctions, Sec. 22.

It does not appear that the complainants will sustain any irreparable injury from the construction of this sewer.

As we find in this record no sufficient reason for enjoining the completion of the sewer in question, the decree of the Circuit Court is affirmed.